# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

FREDERICK TODD  
#437573,

  Plaintiff,

vs.

WEXFORD MEDICAL SERVICES,  
LPN APRIL,  
ST. CLAIR COUNTY JAIL, and  
MAINTENANCE DEPARTMENT,

  Defendants.

Case No. 17−cv−1097−JPG

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Frederick Todd, a detainee in St. Clair County Jail ("Jail"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In his Amended Complaint, Plaintiff claims the defendants were deliberately indifferent to his serious medical issues and subjected him to unconstitutional conditions of confinement in violation of the Fourteenth Amendment. (Doc. 10). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>  (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>  (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Amended Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

## The Amended Complaint

In his Amended Complaint (Doc. 10), Plaintiff makes the following allegations: On July 23, 2017, Plaintiff could not breathe, so he asked Defendant April for his asthma inhaler. (Doc. 10, p. 5). April denied Plaintiff's request. *Id.* "They had [Plaintiff's] inhaler but did not let [him] use it." *Id.* "Wexford ignored [Plaintiff's] risk at the" Jail. *Id.* That same day, Plaintiff was housed in the Gym-Recreation Area, which was an unsafe area to sleep. *Id.*

On July 30, 2017, Plaintiff was moved to another living area. *Id.* In this area, the shower had black mold in it. *Id.* Breathing in the black mold started to trigger Plaintiff's asthma, but the medical staff did nothing. *Id.* Plaintiff seeks monetary damages. (Doc. 10, p. 6).

## Discussion

Before analyzing Plaintiff's allegations, the Court finds it appropriate to address Plaintiff's failure to include specific allegations against Defendants Maintenance Department and

2

St. Clair County Jail in the body of his Amended Complaint, despite his having listed them among the defendants. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). And in the case of those defendants in supervisory positions, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).

Further, St. Clair County Jail is not an appropriate defendant in this case. A jail is not a "person" under § 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). Additionally, neither it nor its "Maintenance Department" are legal entities in the first place, so they are not amenable to suit.

Accordingly, St. Clair County Jail and the Maintenance Department will be dismissed from this action with prejudice. The Court notes that individuals who are employed as maintenance workers in the Jail remain susceptible to suit despite the dismissal with prejudice of the Maintenance Department itself.

Based on the allegations of the Amended Complaint, the Court finds it convenient to divide the *pro se* action into 3 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1 –** On July 23, 2017, Defendants April and Wexford showed deliberate indifference to Plaintiff's serious medical need involving his asthma in violation of the Fourteenth Amendment.

**Count 2 –** Unconstitutional conditions of confinement claim for housing Plaintiff in an unsafe living area on July 23, 2017 and July 30, 2017.

**Count 3 –** Deliberate indifference to Plaintiff's serious medical need in violation of the Fourteenth Amendment for failing to do anything when Plaintiff's asthma was triggered by black mold on July 30, 2017.

Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard. As discussed in more detail below, Count 1 will be allowed to proceed past threshold.

## Count 1

It is well established that, while in the custody of state or local authorities, a pretrial detainee must be afforded certain protections under the Fourteenth Amendment, including access to adequate medical care. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244, (1983); *Payne v. Churchich*, 161 F.3d 1030, 1040-41 (7th Cir. 1998). These due process rights are at least as great as the protections afforded a convicted prisoner under the Eighth Amendment. *See Higgins v. Corr. Med. Servs. of Ill., Inc.*, 178 F.3d 508, 511 (7th Cir. 1999); *Estate of Cole v. Fromm*, 94 F.3d 254, 259 n.1 (7th Cir.1996). Consequently, when considering a pretrial detainee's claim of inadequate medical care, for example, it is appropriate for a court to look to the analogous standards of Eighth Amendment jurisprudence. *See Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999).

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976);

*see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, a prisoner must show that: (1) he suffered from an objectively serious medical need; and (2) state officials acted with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

Plaintiff's claim that April denied his request for his asthma inhaler when he could not breathe on July 23, 2017 satisfies the above standard at this early stage. Count 1 will therefore proceed against her. With respect to Wexford, a corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were municipal entity in § 1983 action). Plaintiff has not alleged that any of the Defendants either acted or failed to act as a result of an official policy espoused by Wexford. Therefore, Plaintiff cannot maintain a deliberate indifference claim against Wexford, and Count 1 shall be dismissed against it.

## **Counts 2 and 3**

The Court need not address the substance of Plaintiff's claims under Counts 2 and 3 because he failed to adequately associate any of the defendants with these claims. Liability under § 1983 must be "predicated upon personal responsibility." *Schultz v. Baumgart*, 738 F.2d 231, 238 (7th Cir. 1984). Plaintiff does not directly claim that any of the defendants were personally responsible for the alleged constitutional deprivations underlying Counts 2 and 3. These counts will therefore be dismissed without prejudice.

## Pending Motions

With respect to Plaintiff's Motion for Recruitment of Counsel (Doc. 11), there is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist pro se litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

With regard to the first step of the inquiry, Plaintiff has indicated that he has done nothing in order to find an attorney to take his case. (Doc. 11). Because of this, the Court finds that Plaintiff has not made a reasonable attempt to find counsel. Therefore, Plaintiff's motion for the appointment of counsel will be **DENIED** without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** will **PROCEED** against **LPN APRIL** and is **DISMISSED** without prejudice as against **WEXFORD MEDICAL SERVICES**.

**IT IS FURTHER ORDERED** that **COUNTS 2** and **3** are **DISMISSED** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **WEXFORD MEDICAL SERVICES** is **DISMISSED** from this action without prejudice, and **ST. CLAIR COUNTY JAIL** and **MAINTENANCE DEPARTMENT** are dismissed from this action with prejudice.

**IT IS FURTHER ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for **APRIL**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2)

Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require that the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: January 24, 2018**

*s/J. Phil Gilbert*
**U.S. District Judge**
